CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 15 2016

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

**IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No.: 4:16-cr-0005 |
| | : | |
| MICHAEL LAWRENCE MARTIN | : | <u>Violations:</u> |
| | : | |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | 18 U.S.C. § 472 |

## <u>INDICTMENT</u>

## <u>COUNT ONE</u>

The Grand Jury charges that:

1. On or about July 2, 2015, in the Western District of Virginia, the defendant, MICHAEL LAWRENCE MARTIN, having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess the following firearms, to wit: a Smith & Wesson, Model 10, .38 caliber revolver, a Smith & Wesson, Model Body Guard, .380 pistol, a Ruger, Model P95 DAO, 9 mm pistol, a CZ, Model 82, 9x18 mm pistol, a Springfield Armory, Model XD40, .40 caliber pistol, a Taurus, Model Millennium PT 145 Pro, .45 caliber pistol, and a Remington, Model 597, .22 caliber rifle, and ammunition, in and affecting interstate or foreign commerce.

2. All in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWO

The Grand Jury further charges that:

1.     On or about July 2, 2015, in the Western District of Virginia, the defendant, MICHAEL LAWRENCE MARTIN, with intent to defraud, did possess falsely made, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes in the denominations of $100.00, $50.00, and $20.00, which he then knew to be falsely made, forged, and counterfeited.

2.     All in violation of Title 18, United States Code, Section 472.

## NOTICE OF FORFEITURE

1. Upon conviction of the felony offense alleged in this Indictment, the defendant shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1).

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

   c. any interest in, claims against, and property or contractual rights affording a source of control over, the said continuing criminal enterprise, pursuant to 21 U.S.C. § 853(a)(3).

   d. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c).

e. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. The property to be forfeited to the United States includes but is not limited to the following property:

a. **Money Judgment**

An undetermined sum of U.S. Currency and all interest and proceeds traceable thereto, in that such sum in aggregate was obtained directly or indirectly as a result of said offenses or is traceable to such property.

b. **Firearms/Ammunition**

1. Smith & Wesson, Model 10, .38 caliber revolver, Serial No. C535819
2. Smith & Wesson, Model Body Guard, .380 pistol, Serial No. KBT8644
3. Ruger, Model P95 DAO, 9 mm pistol, Serial No. 311-83835
4. CZ, Model 82, 9x18 mm pistol, Serial No. 095-857
5. Springfield Armory, Model XD40, .40 caliber pistol, Serial No. MG308056
6. Taurus, Model Millennium PT 145 Pro, .45 caliber pistol, Serial No. NCN99012
7. Remington, Model 597, .22 caliber rifle, Serial No. A2769364
8. Associated ammunition

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with a third person;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the

defendant up to the value of the above-described forfeitable property, pursuant to 21

U.S.C. § 853(p).


A True Bill this 15th day of April, 2016.


                                                      __s/Grand Jury Foreperson___
                                                      FOREPERSON

_____
JOHN P. FISHWICK, JR.
UNITED STATES ATTORNEY